```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIQUA R. JOHNSON,

                        Plaintiff,                              MEMORANDUM AND ORDER
                                                                12-CV-2105 (ENV)

        -against-

THE CITY OF NEW YORK, ET AL; NEW YORK
CITY POLICE DEPARTMENT, ET AL; THE
NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, ET AL; OFFICE
OF THE GOVERNOR, ET AL; THE WINDSOR
POLICE DEPARTMENT, ET AL.,

                        Defendants.
------------------------------------------------------------X
```

FILED IN CLERK'S OFFICE US DISTRICT COURT E.D.N.Y. ★ JUL 13 2012 ★ BROOKLYN OFFICE

VITALIANO, United States District Judge:

Plaintiff Uniqua R. Johnson filed this *pro se* civil rights action on April 30, 2012 alleging various constitutional violations arising from an alleged malicious prosecution of her and asserting related state law causes of action for injuries allegedly arising out of the same conduct. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons given below, certain claims against certain defendants are dismissed outright and, as to the remainder, the action is transferred to the United States District Court for the District of Connecticut.

## BACKGROUND

According to the complaint, plaintiff was arrested at her home in Brooklyn on December 10, 2008 by NYPD Detective Luis Pena based on a fugitive arrest warrant apparently issued by authorities in Connecticut. Johnson was held on Rikers Island for 19 days and then, after



1

apparently consenting to extradition, was transferred to Connecticut law enforcement officers. Upon re-entry to that state, Johnson was confined in a holding cell at the State of Connecticut Superior Court. Prior to her removal from Rikers Island, plaintiff alleges she endured inhumane conditions and humiliation by being strip searched, placed on suicide watch, and forced to wear only a diaper and a shield suit. Plaintiff alleges she suffered further humiliation in Connecticut when her legs and hands were chained. On December 30, 2008, Johnson appeared before a Connecticut state judge and was released without bail. Finally, she avers that "[b]y May 2009, my case was dismissed and I was later informed that Connecticut did not have any jurisdiction to do what was done to me." (Compl. at 2.)

Johnson seeks $5 million in damages. She names as defendants the City of New York, the New York City Police Department, the New York State Department of Correctional Services, the Office of the Governor of Connecticut, the Windsor (Connecticut) Police Department, New York City Police Commissioner Raymond Kelly, New York State Department of Correctional Services Commissioner Brian Fischer, Connecticut Governor Dannel P. Malloy, and Windsor Police Department Chief of Police Kevin Searles.

## STANDARD OF REVIEW

District courts must construe pleadings and briefs submitted by *pro se* litigants liberally, that is, reading them to raise the strongest arguments they suggest. Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is

plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Finally, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

The City of New York, the New York City Police Department, the New York State Department of Correctional Services, Commissioner Kelly, Commissioner Fischer, and any as-of-yet-unnamed New York City police officers (all collectively, the "New York defendants") are not alleged to have acted or failed to act in violation of any right of plaintiff on or after the date on which plaintiff consented to be extradited and/or was removed to Connecticut in the custody of Connecticut law enforcement officials, i.e., on December 29, 2008. Correspondingly, any potential claim against any of the New York defendants accrued no later than that date. Any "prosecution" of plaintiff by New York authorities ended on that date as well, obviously, the New York "prosecution" ended adversely to Johnson, who remained in custody throughout all New York proceedings. In New York, § 1983 claims are subject to a three year statute of limitations, see Lawson v. Rochester City School Dist., 446 Fed.Appx. 327, 328 (2d Cir. 2011), meaning any § 1983 claim against a New York defendant would be untimely if suit began after December 29, 2011. Since Johnson did not file this action until April 30, 2012, claims against the New York defendants are all time barred and are dismissed with prejudice.[1]

---

[1] All state claims against the New York defendants run afoul of the applicable limitation periods and are dismissed as time barred. See, e.g., Wilson v. Erra, 94 A.D.3d 756, 942 N.Y.S.2d 127 (2d Dept. 2011) (holding a one-year statute of limitations applies to intentional infliction of emotional distress claims); 347 Cent. Park Associates v. Pine Top Associates, 83 A.D.3d 689, 919 N.Y.S.2d 892 (2d Dept. 2011) (holding a one-year statue of limitations applies

The limitations defense hardly exhausts the list of defenses fatal to Johnson's state claims against the New York defendants. For example, since plaintiff's extradition proceeding did not terminate in her favor (she was detained pursuant to a warrant and returned to Connecticut) in accordance with the Uniform Criminal Extradition Act, see generally McKinney's CPL § 570; People v. Fanning, 27 Misc.3d 740, 893 N.Y.S.2d 742 (City Crim. Ct., Queens County, 2010), any malicious prosecution claim must be dismissed. See Murphy v. Lynn, 118 F.3d 938, 948 (2d Cir. 1997) (explaining that a malicious prosecution claim requires a favorable disposition of the underlying charge); see also Cantalino v. Danner, 96 N.Y.2d 391, 394-95, 729 N.Y.S.2d 405, 754 N.E.2d 164, 166-67 (2001) (same). Additionally, the New York State Department of Correctional Services is immune from suit. See White v. Vance, No. 10 CV 6142(NRB), 2011 WL 2565476, *4 (S.D.N.Y. June 21, 2011). The New York City Police Department is not a suable entity within the meaning of § 1983. See Campbell v. New York City Police, No. 05-CV-2858, 2005 WL 1970954, at *1 (E.D.N.Y. Aug. 10, 2005). And, there are more defenses fatal to some or all of Johnson's claims, but, in light of the disposition of this matter, there is no need to further burden the decision with a recitation of each of them.

Typically though, with respect to some of these defenses, the Court would provide plaintiff with leave to amend her pleadings to add defendants with direct involvement in the alleged wrongdoing. But, no timely claim can be asserted against any actual or potential New York defendant with respect to any relevant conduct that took place in New York. Thus, any

---

to malicious prosecution claims); MacLeod v. County of Nassau, 75 A.D.3d 57, 903 N.Y.S.2d 411 (2d Dept. 2011) (holding "an action to recover damages for personal injuries must be commenced within three years of the date of the accident [but] a personal injury action against a municipality . . . must be commenced within one year and 90 days of that date").

amendment to add New York defendants or restate New York-based claims would be futile. Leave to try such amendment is denied. See Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1198 (2d Cir. 1989) (holding that a district court correctly denies leave to amend "when an amendment is offered in bad faith, would cause undue delay or prejudice, or would be futile" (citations omitted)). On the other hand, viable claims may exist against some or all Connecticut defendants, over whom the Court will not likely be able to acquire personal jurisdiction. Yet, given the almost certain futility in seeking to acquire personal jurisdiction over the Connecticut defendants, ordinarily leave to amend those claims would be declined too.

There is, however, a middle ground. The Court will order entry of final judgment as to the New York defendants in accordance with Federal Rule of Civil Procedure 54(b). Specifically, the Court finds that there is no just reason for delaying entry of judgment in favor of the New York defendants because all claims against them are barred by the statue of limitations and are separate and apart from any plausible claim that might be stated against the remaining Connecticut defendants. See generally Guippone v. Bay Harbour Management LC, 434 Fed.Appx. 4, 6-7 (2d Cir. 2011) (explaining that for a district court to issue a partial, final judgment, it must find there is no just reason for delay and offer a "brief, reasoned explanation" supporting that finding). Given the availability of personal jurisdiction over the non-New York defendants in Connecticut, it is too early to say that amendment of Johnson's complaint as to them would be futile. Especially given the solicitude the Court must afford to plaintiff as a self-represented party, what the interest of justice require is the severing of claims against the New York defendants and the entry of judgment for them along with a transfer of the balance of Johnson's claims to the United States District Court for the District of Connecticut. That court will be free to determine whether

5

the claims shall proceed or be dismissed and, if dismissed, what leave to replead, if any, shall be granted.

## CONCLUSION

All claims against the City of New York, the New York City Police Department, the New York State Department of Correctional Services, Commissioner Raymond Kelly, and Commissioner Brian Fischer are dismissed with prejudice. The Clerk is directed to enter judgment in favor of these defendants.

After entry of that partial, final judgment, the Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut and then to close this docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
       July 4, 2012